IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00914-MSK-MJW

B & R PLASTICS, INC.,

  Plaintiff,

v.

WHITNEY DESIGN, INC.,

  Defendant.

___

**OPINION AND ORDER GRANTING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**
___

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss for Failure to State a Claim **(# 22)**, the Plaintiff's response **(# 45)**, and the Defendant's reply **(#49)**; the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or to Transfer Venue **(# 23)**, the Plaintiff's response **(# 47)**, the Defendant's reply **(# 50)**, and a "supplemental response" by the Plaintiff **(# 51)**; and the Defendant's Motion to Strike **(# 54)** the Plaintiff's supplemental response, and the Plaintiff's response **(# 55)**.

**FACTS**

According to the Complaint **(# 1)**, the Plaintiff holds a license to produce and market a patented foldable stool. The Plaintiff contends that the Defendant manufactures and markets a competing product that infringes upon the licensed patent. The Complaint asserts three causes of action: (i) a claim for patent infringement; (ii) a "claim" for an injunction against the

1

Defendant's continued infringement; and (iii) a claim for unfair competition under an unspecified jurisdiction's law.

The Defendant moves to dismiss the claims in the Complaint for failure to state a claim **(# 22)** pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, it argues: (i) with respect to the patent infringement claim (and the corresponding request for an injunction), the Complaint alleges only that the Plaintiff is a licensee of the patent, not the patent's owner or exclusive licensee holding substantially all rights under the patent, and thus, lacks standing to pursue this action in its own name; (ii) as to the unfair competition claim, that any such claim premised solely on patent infringement is preempted by federal patent law. In response **(# 45)**, the Plaintiff asserts that it is the exclusive licensee of the patent and holds substantially all of the rights to the patent. In addition, the Plaintiff contends that the unfair competition claim is asserted under state law and, because it entails additional elements beyond a claim for patent infringement, is not subject to preemption.

The Defendant also moves to dismiss the Complaint for lack of personal jurisdiction **(#23)**. It contends that it has not sold the accused product in Colorado or solicited orders for it from Colorado residents, that it maintains no property or business operations in Colorado, and that its sales of unrelated products to Colorado residents is minimal. In addition, it contends that it is currently involved in a declaratory judgment action against the Plaintiff concerning the patent in the United States District Court for the Eastern District of Missouri, and requests that the Court transfer this case to that court.[1] In response **(# 48)**, the Plaintiff does not appear to

---

[1]Beyond stating this fact in the motion, the Defendant presents no significant argument as to why the Court should entertain a transfer. Because this request is not meaningfully supported, the Court declines to consider it.

dispute the Defendant's factual contentions about its direct business operations, but argues that the Defendant's products are made extensively available in Colorado through third-party retailers.[2]

**ANALYSIS**

Because the Defendant's challenge to the Court's exercise of jurisdiction implicates the Court's power to hear this action, the Court resolves that question before moving on to the substantive merits of the Complaint.

In reviewing a Motion to Dismiss pursuant to Rule 12(b)(2), the plaintiff bears the burden of establishing that personal jurisdiction exists. *Soma Medical Intern. v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999); *Omi Holdings, Inc. v. Royal Ins. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). Where a court chooses not to conduct an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdiction by showing, through affidavits or otherwise, facts that, if true, would support jurisdiction over the defendant. *Omi Holdings*, 149 F.3d at 1091 *Soma*, 196 F.3d at 1295. The allegations of a

---

[2]The Plaintiff's response purported to attach an affidavit from its Vice President, attesting to the exclusivity of the Plaintiff's license and the affiant's personal knowledge that the Defendant's products are "advertised nationwide" and "available for sale nationwide." However, the actual affidavit was apparently omitted from the Plaintiff's filing. After that issue was noted in the Defendant's reply brief, the Plaintiff filed a "supplemental" response **(# 51)** solely to tender the affidavit. The Defendant then moved to strike **(# 54)** the supplemental response as untimely an inappropriate.

The Court denies the Motion to Strike for several reasons. First, it is not supported by a certification pursuant to D.C. Colo. L. Civ. R. 7.1(C). The failure of the parties to confer prior to filing the Motion to Strike is particularly notable here as the Plaintiff's failure to file an affidavit specifically referred to in its response is the type of oversight that reasonable counsel could readily resolve simply by conferring in good faith. Local Rule 7.1(C) is specifically designed to discourage parties from engaging in precisely this type of expensive and needless strategic maneuvering. Second, for the reasons discussed *infra*, the Plaintiff's tendered affidavit is ultimately immaterial to the resolution of these matters.

complaint must be taken as true unless contradicted by the defendant's affidavits, *Behagen v. Amateur Basketball Ass'n. of U.S.A.*, 744 F.2d 731, 733 (10th Cir.1984), and to the extent that the affidavits contradict allegations in the complaint or opposing affidavits, all disputes must be resolved in the plaintiff's favor and the plaintiff's *prima facie* showing is sufficient. *Id.*

Here, the Plaintiff's response is supported primarily by the affidavit of Tammie T. Niemann. She states that she was able to locate a variety of third-party websites selling the Defendant's various products (including at least one merchant who sells the stool at issue here), and that all of those merchants allow customers from Colorado to place orders.[3] In addition, she notes that one of the online merchants is Target.com, a retailer that also has numerous physical stores in Colorado, and that products purchased online from Target.com may be returned to any of its physical stores.

Colorado's long-arm statute provides that a non-resident party subjects itself to the jurisdiction of Colorado courts for claims arising from the party's "(a) transaction of any business within this state; [or] (b) the commission of a tortious act within this state." C.R.S.A. § 13-1-124(1)(a) and (b). The statute codifies the "minimum contacts" test of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and extends the courts' jurisdiction to the maximum extent consistent with the Due Process clause of the 14th Amendment. *Brownlow v. Aman*, 740 F.2d 1476, 1481 (10th Cir. 1984). Thus, the Court's analysis is limited to the question of whether the exercise of jurisdiction is consistent with the principles of due process. *OpenLCR.com, Inc.*

---

[3] The Plaintiff's proffered affidavit from its Vice President, which asserts only conclusorily that the Defendant's products are "advertised nationwide" and "available for sale nationwide," appears to be merely cumulative of the specific recitations in Ms. Niemann's affidavit.

*v. Rates Technology, Inc.*, 112 F.Supp.2d 1223, 1227 (D. Colo. 2000); *Wise v. Lindamood*, 89 F.Supp.2d 1187, 1189 (D. Colo. 1999).

For purposes of personal jurisdiction, due process is satisfied when the defendant has sufficient "minimum contacts" with the forum state to suffice such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l. Shoe*, 326 U.S. at 316. The "minimum contacts" test examines whether the defendant has purposefully directed its activities at residents of the forum state, whether the claims asserted arise out of that purposeful direction of activity, and whether the assertion of jurisdiction under the circumstances is reasonable and fair. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Teierweiler v. Croxton and Trench Holding Co.*, 90 F.3d 1523, 1532-33 (10th Cir. 1996). The quantity and nature of the required minimum contacts varies, depending on whether the plaintiff asserts general jurisdiction over the defendant – that is, because the defendant conducted "continuous and systematic activities" of a general business nature in Colorado – or whether the plaintiff asserts specific jurisdiction, because the specific injuries claimed by the plaintiff "arise out of" significant activities of the defendant "purposefully directed" at residents of Colorado. *Goettman v. North Fork Valley Restaurant*, 176 P.3d 60, 67 (Colo. 2007).

Here, the facts offered by the Plaintiff relate almost entirely to the Defendant's general business activities, thus implicating the notion of "general jurisdiction." The only reference in Ms. Niemann's affidavit to the Defendant's sale of the allegedly infringing stool – as opposed to the Defendant's other products – in Colorado is a passing mention that one third-party internet vendor offers the stool for sale to Colorado residents. However, the Plaintiff makes no showing that its injuries arise from that vendor offering the stool for sale to Colorado residents,

particularly where Ms. Niemann is unable to attest that the vendor has, in fact, made sales of the infringing product in Colorado. In the absence of any facts sufficient to show that the Plaintiff's injuries flow from specific acts that the Defendant has purposefully directed at Colorado residents, the Court limits its examination to whether the contacts with Colorado shown in Ms. Niemann's affidavit as sufficient to demonstrate general jurisdiction.

The Plaintiff does not dispute that the Defendant does not maintain any direct business contacts with Colorado; rather, they argue only that the Defendant places its products in the "stream of commerce," knowing that some of them will be sold in Colorado. The "stream of commerce" theory recognizes that a defendant's placement of its product into channels that will foreseeably deposit it in the forum state, perhaps along with additional actions,[4] will be enough to warrant the exercise of personal jurisdiction by that state. *See generally Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 110-12 (1987). But even assuming that the Plaintiff has come forward with sufficient facts to invoke the "stream of commerce" theory, that theory is inapplicable here, as it can only support a claim of specific jurisdiction, not general jurisdiction. *See e.g. Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 788-89 & n. 19 (7th Cir. 2003); *Power Integrations, Inc. v. BCD Semiconductor, Inc.*, 546 F.Supp.2d 365, 371 (D. Del. 2008).

*Beverly Hills Fan*, relied upon by both sides in this case, is instructive. There, the plaintiff alleged that the foreign defendant was shipping ceiling fans into Virginia that infringed upon the plaintiff's patents. The defendant challenged the sufficiency of personal jurisdiction,

---

[4]*See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994) (discussing various plurality opinions in *Asahi*).

explaining that it had not business contacts with Virginia. The plaintiff responded with an affidavit by an investigator who bought one of 52 of the defendant's infringing fans being sold at a nationwide hardware retailer's store in Virginia. The Federal Circuit acknowledged that this evidence could demonstrate that the defendant intentionally formed a distribution channel with the hardware retailer, and that "defendants knew, or reasonably could have foreseen, that a termination point of the [distribution channel] was Virginia." *Id.* at 1564. It also noted that "the cause of action for patent infringement is alleged to arise out of [the defendant's placing the fans into the distribution channel." Upon these two facts, "no more is usually required to establish <u>specific</u> jurisdiction." *Id.* at 1565 (emphasis added).

Although the Plaintiff believes that *Beverly Hills Fan* supports its position, it has failed to recognize that in that case, the product being placed into the stream of commerce was the product that was allegedly infringing the plaintiff's patent; in other words, the plaintiff's injury flowed from the product placed in the stream of commerce – a specific jurisdiction theory. Here, as explained above, the Plaintiff does not allege any facts that show that the infringing product – the stool – has been placed into the stream of commerce to wash up on the shores of Colorado.[5] In the absence of showing of specific sales of the accused product in Colorado, sufficient to give

---

[5]The "stream" cited by the Plaintiff is an undifferentiated reference to the Defendant's "products." One might argue that reference to the Defendant's "products" necessarily includes the allegedly infringing stool, but the Court does not read Ms. Niemann's affidavit to have such a broad sweep. In paragraphs 2, 3, and 5 of her affidavit, Ms. Niemann refers generally to the Defendant's "products." (The affidavit contains two paragraphs designated as "4." The Court will refer to the second of these as paragraph 5.) Indeed, in paragraph 5, she lists a number of vendors who offer the Defendant's products yet specifically notes in many instances that the stool in question was not among those items offered. In such circumstances, one must assume that Ms. Niemann's references to the Defendant's "products" were not intended to always encompass the accused stool.

rise to a specific jurisdiction theory, the Plaintiff's reliance on general jurisdiction makes application of the "stream of commerce" theory inappropriate.

Finally, the Plaintiff makes an abbreviated argument that the Court has personal jurisdiction over the Defendant pursuant to C.R.S. § 13-1-124(1)(b), in that the Defendant has committed a "tortious act" in Colorado. Assuming that either a statutory claim for patent infringement or the related "unfair competition" claim (or both) are the "tortious act" alleged here, the Court finds that the Plaintiff has not shown that such an act caused injury to the Plaintiff in Colorado. Considering the possibility of personal jurisdiction under a similar "tortious act" statute, the court in *Beverly Hills Fan* concluded that in a case turning on patent infringement, the "tortious act" (and ensuing injury) occurs at the site of the infinging sale, not at the site of the plaintiff's incorporation. 21 F.3d at 1570-71 ("Economic loss occurs to the patent holder at the place where the infringing sale is made because the patent owner loses business there . . . [W]here the plaintiff resides [is] not considered a determinative consideration"). Because the Plaintiffs have not come forward with any evidence that the accused stool has been sold in Colorado, they fail to demonstrate a basis for jurisdiction under C.R.S. § 13-1-124(1)(b).

Accordingly, because the Court finds that the Plaintiff has failed to carry its burden of showing that this Court can exercise personal jurisdiction over the Defendant, the Defendant's Motion to Dismiss for lack of personal jurisdiction is granted. Without jurisdiction to proceed further, the Court does not reach the merits of the Defendant's Rule 12(b)(6) motion.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Strike **(# 54)** is **DENIED**. The Defendant's Motion to Dismiss for Lack of Personal Jurisdiction **(# 23)** is **GRANTED**, and the

Complaint is **DISMISSED** for lack of personal jurisdiction over the Defendant pursuant to Fed. R. Civ. P. 12(b)(2). The Clerk of the Court is directed to close this case.

Dated this 29th day of January, 2009

**BY THE COURT:**

Marcia S. Krieger
United States District Judge